## 74552. HARDEN v. THE STATE.
(361 SE2d 696)

SOGNIER, Judge.

Appellant was convicted of escape from confinement, two counts of aggravated assault, and possession of a firearm by a convicted felon. He appeals on the general grounds.

The evidence disclosed that appellant was a guard at the Georgia State Prison in Reidsville, and purchased a .25 calibre Derringer pistol and 50 rounds of ammunition for the pistol. He test-fired the weapon and placed it in the trunk of his car. About two or three weeks later Leonard Culbertson and Joseph Flowers, inmates at the prison, were being transported to Augusta for medical treatment. Although handcuffed and in leg irons, Culbertson freed himself from his handcuffs and commandeered the van at gunpoint. He forced Robert Jordon and Lewis Eason, the guards, into the rear of the van after making Eason throw away the guards' weapons. The guards were handcuffed and Culbertson drove the van to a wooded area near Allendale, South Carolina, where the inmates chained Jordon and Eason to a tree while Culbertson and Flowers camouflaged the van. The guards were then robbed of their money, some clothing and other personal property. Several hours later the guards were placed in the rear of the van, handcuffed and chained by their leg irons to a metal bar in the van. Culbertson and Flowers departed on foot and were apprehended the following morning near Barnwell, South Carolina. After spending the night in the van, the guards freed themselves from the metal bar and hitchhiked into Barnwell. When Culbertson was appre-

hended he was carrying a .25 calibre Derringer pistol and several rounds of ammunition identical to those purchased by appellant.

The box of ammunition purchased by appellant, containing thirty-six of the original fifty rounds, was found in his home. Appellant worked in the prison building housing Culbertson and stated to police he had talked to Culbertson many times and had delivered notes for him on several occasions. Appellant also acknowledged that he had purchased the gun and ammunition, test fired the gun, then put it in the trunk of his car. Although there was no direct evidence as to how Culbertson got the gun, appellant acknowledged that he left the gun in his car while it was parked at the prison, which was against regulations. Other testimony indicated that it would have been impossible for Culbertson to get from his cell to the parking lot, as he was never allowed outside his cell unless accompanied by five guards.

Appellant was charged jointly with Culbertson and Flowers as an aider and abettor under the provisions of OCGA § 16-2-20 (b) (3), which makes one who aids and abets the commission of an offense guilty of that offense as a party to the crime. Thus, we find the evidence as to the offenses of aggravated assault and possession of a firearm by a convicted felon sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). However, in regard to the offense of escape from lawful confinement, we must reverse for reasons set forth hereafter.

Our legislature has enacted a specific statute making it an independent criminal offense to knowingly aid another in escaping from any place of lawful confinement. OCGA § 16-10-53 (a). Hence, that statute, insofar as escape from confinement is concerned, preempts OCGA § 16-2-20 (b) (3) (aiding and abetting the commission of an offense), and it was improper to charge appellant as an aider and abettor to the offense of escape from lawful confinement. By defining the offense of escape from confinement in one statute and defining the offense of *aiding* another in escaping from confinement as an independent offense in a separate statute, the legislature clearly created two separate offenses. If an act which constitutes one a technical accessory (aider and abettor) has by statute been made an independent offense, he thereby becomes a principal in the independent crime and the law applicable to the trial of accessories does not apply. *Stone v. State*, 118 Ga. 705 (1) (45 SE 630) (1903). This result is further evidenced by the fact that the punishment for the offense of escape from confinement while armed with a dangerous weapon is one to ten years (OCGA § 16-10-52 (b)), while the punishment for knowingly aiding a prisoner to escape is one to five years (OCGA § 16-10-53 (a)). If one who aids another to escape is a party to the crime of escape, no separate statute would be required, because the offense would be within the general rule applicable to all cases of aiders and abettors. *Stone,*

supra at 709 (2). Although *Stone* dealt with the offenses of perjury and suborning perjury, the principles enunciated therein are equally applicable to the facts of the instant case. Thus, under the facts of this case it was improper to charge and convict appellant as an aider and abettor to the offense of escape from confinement, and his conviction for that offense cannot stand.

*Judgment affirmed as to aggravated assault (two counts) and possession of a firearm by a convicted felon. Judgment reversed as to escape from confinement. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1987.

*Phillips D. Hamilton*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.